


**IT IS ORDERED as set forth below:**

**Date: March 3, 2022**

Paul Baisier

**Paul Baisier**
**U.S. Bankruptcy Court Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | | |
|---|---|---|
| In re:<br><br>**DEE BENSON DIGET and DAVID KENNETH DIGET, II**,<br><br>Debtors. | : | CASE NO. **19-12387-PMB**<br><br>CHAPTER 7 |
| **DEE BENSON DIGET and DAVID KENNETH DIGET, II,**<br><br>Movants**,**<br><br>v.<br><br>**DIANA MAY-DIGET DUBBELD**,<br><br>Respondent. | : | CONTESTED MATTER |

**ORDER (I) OVERRULING DEBTORS' OBJECTION TO PROOF OF CLAIM NO. 22, (II) SUSTAINING DEBTORS' OBJECTION TO PROOF OF CLAIM NO. 23, AND (III) SUSTAINING IN PART AND DEFERRING DECISION IN PART ON DEBTORS' OBJECTION TO PROOF OF CLAIM NO. 24 AND CONSOLIDATING DEFERRED PORTION WITH ADVERSARY PROCEEDING**

Before the Court is *Debtors' Objection To Proofs Of Claim Nos. 22, 23, and 24 Filed By Diana Dubbeld* filed by the above-named Debtor-Movants Dee Benson Diget ("Ms. Diget") and David Kenneth Diget, II (collectively, the "Debtors") on January 5, 2021 (Main Case Docket No. 89)(the "Objection") against the Respondent-Claimant Diana May-Diget Dubbeld (the "Respondent") under 11 U.S.C. § 502 and Federal Rule of Bankruptcy Procedure 3007.[1] The Respondent filed *Respondent's Response to Debtors' Objection to Proofs of Claim Nos. 22, 23, and 24* on February 4, 2021 (Docket No. 101)(the "Response"). The Chapter 7 Trustee in this case (the "Trustee") also filed the *Trustee's Response to Debtors' Objection to Proofs of Claim Nos. 22, 23, and 24 Filed by Diana Dubbeld* on February 4, 2021 (Docket No. 100)(the "Trustee's Response").

The Court and the parties initially decided to defer resolution of these matters until the Court has decided the nondischargeability counts of a related adversary proceeding initiated by the Respondent as Plaintiff against Ms. Diget. *See Diana May-Diget Dubbeld v. Dee Benson Diget*, Adversary Proceeding No. 20-1042 (the "Adversary Proceeding"). As mentioned below, that has now occurred, and these matters are ripe for decision. The Court had further discussed the claim objection matters with counsel for the Debtors, counsel for the Respondent, and counsel for the

[1] As further described below, the Respondent filed three (3) proofs of claim in this case on December 1, 2020 (Claims Docket, Claims 22-24)(collectively, the "Proofs of Claim"), which are the subject of the Objection. As the parties objecting to the Proofs of Claim, the Debtors bear the burden of negating their prima facie validity under Fed.R.Bankr.P. 3001(f) and 11 U.S.C. § 502(a). *See In re Walston*, 606 F.App'x 543, 546 (11th Cir. 2015), citing *Raleigh v. Illinois Dep't of Revenue*, 530 U.S. 15, 20, 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000).

Trustee at a status conference in the Adversary Proceeding conducted on November 10, 2021 (the "Status Conference").[2] During the Status Conference, the Respondent was allowed additional time to file the Supplemental Response, and the Debtors were allowed to file a *Supplemental Brief In Support Of Defendant's Amended Motion To Dismiss* (Adversary Docket No. 31) in response thereto, both of which are also considered herein.

The Debtors commenced this case by filing a voluntary petition for relief on November 26, 2019 (Main Case Docket No. 1)(the "Petition Date"). Ms. Diget was the president,[3] sole director, and 66 2/3% owner of Foundation Ambulance.[4] The Respondent, who is Ms. Diget's sister-in-law, filed Proof of Claim No. 22 on December 1, 2020 ("POC No. 22"), in which she asserts a general unsecured claim in the total amount of $463,449.80 for "[m]oney loaned" and due and owing under that certain promissory note executed in favor of the Respondent in the original principal amount of $441,736.43 plus interest and late fees signed by "Dee Benson Diget, President of Foundation Ambulance" on June 19, 2018 (copy attached to POC No. 22)(the "Note"). The Debtors assert that because the loan was made to Foundation Ambulance, the assets of which

[2] The Respondent filed her *Amended Complaint to Determine Dischargeability of Debts* on February 4, 2021 (Adversary Docket No. 11)(the "Amended Complaint"). Ms. Diget filed *Defendant's Amended Motion to Dismiss* on March 3, 2021 (Docket No. 18)(the "Motion to Dismiss"). In its *Order Granting in Part and Denying in Part Defendant's Motion to Dismiss* entered in the Adversary Proceeding on September 30, 2021 (Docket No. 25)(the "Order on the Motion to Dismiss"), the Court reviewed some of the same factual allegations considered herein and also scheduled the Status Conference. As stated in the Response herein, the Respondent maintains that the Amended Complaint expands upon the facts alleged in the Proofs of Claim. The Respondent also filed her *Supplemental Response in Opposition to Defendant's Amended Motion to Dismiss* on November 30, 2021 (Docket No. 30)(the "Supplemental Response") as allowed by the Court at the Status Conference.

[3] As this Court has previously noted, there is some disagreement or confusion as to Ms. Diget's precise title. *See* Order on the Motion to Dismiss, p. 5, n. 9 (Adversary Docket No. 25). In both the Amended Complaint and the Motion to Dismiss, Ms. Diget is referred to as "Chief Executive Officer." Amended Complaint, ¶ 17. However, Ms. Diget signed the bankruptcy petition of Foundation Ambulance, Inc. ("Foundation Ambulance"), as well as the various loan documents, as "President." *Id.*, ¶¶ 28, 34 and Exhibits 2 & 4, attached thereto. Ms. Diget's precise title is not material to the resolution of the matters resolved by this Order.

[4] Foundation Ambulance separately filed for relief under Chapter 7 on January 23, 2020, Case No. 20-10165-PMB.

secured the obligation and which made all payments on the Note, Ms. Diget has no personal liability on the Note.[5] The Debtors also state that an identical claim was filed in the case of Foundation Ambulance (as Proof of Claim No. 17), and the Respondent should be equitably estopped from asserting it herein as a claim against the Debtors.

The Respondent counters that the parties understood both Ms. Diget and Foundation Ambulance were co-obligors on the Note as allegedly stated thereon. In addition, the Respondent argues that Ms. Diget admitted her liability on the Note in the initial schedules filed herein, but amended her bankruptcy schedules to omit her prior acknowledgement that she was an obligor. This was allegedly done in an effort to attack the Respondent's standing to bring the Adversary Proceeding against Ms. Diget seeking a determination of nondischargeability of the obligation under the Note. Response, ¶ 11.

Upon review of the Objection, the Debtors lack standing to prosecute it with respect to POC No. 22. A debtor in a Chapter 7 case generally lacks standing to object to a proof of claim unless a "reasonable possibility" of a surplus is demonstrated or there are nondischargeable debts on which the debtor would remain personally liable. *See In re Dinoto*, 576 B.R. 835, 838-39 (Bankr. E.D. Mich. 2017); *see also In re Brooks*, 548 B.R. 896 (Bankr. S.D. Ga. 2016). The Trustee has stated that he only expects to realize approximately $20,000 from which to pay administrative expense claims and priority unsecured claims of creditors in this case. *See* Trustee's

[5] The Debtors also state that the Note was made to formalize and memorialize a portion of certain funds that had previously been provided to Foundation Ambulance on a periodic basis by the Respondent. In the Trustee's Response, the Trustee similarly argues that because the obligation appears to have been executed by Ms. Diget in her corporate and not her individual capacity, POC No. 22 asserts a corporate debt and should be disallowed on that basis. Trustee's Response, ¶ 3.

Response, ¶ 2. No party has disputed this representation. It appears that this amount will be inadequate to pay all the claims in this case.

Further, in the Order on the Motion to Dismiss, the Court addressed Counts IV and V of the Amended Complaint. These were the only counts that alleged nondischargeability of the Respondent's (Plaintiff's) claims against Ms. Diget. In the Order on the Motion to Dismiss (*see* pages 4, 17, & 25), the Court dismissed Count IV to the extent that it pertained to the Note and dismissed Count V in its entirety. Thus, the claim to which the Debtors have objected in POC No. 22 is not a debt that may be excepted from discharge. On these facts, the Trustee is the proper party to review and object to POC No. 22, and the Objection is overruled as to the Debtors on that basis.[6]

The Respondent also filed Proof of Claim No. 23 ("POC No. 23") asserting a general unsecured claim in an unliquidated amount for "[c]ontribution for potential liability of co-guarantor" regarding certain obligations allegedly due South State Bank, N.A. (the "Bank")[7] by

[6] In the Supplemental Response, the Respondent (Plaintiff) repeats that the facts supporting her claims in Counts I, II, and III of the Amended Complaint overlap with the facts supporting the Proofs of Claim. Because the remaining issues according to the Respondent concern the theories of recovery of "fraud, breach of fiduciary duty, and breach of duty of loyalty" alleged in Counts I, II, and III and in the Proofs of Claim, the Respondent requests that these matters be consolidated. Supplemental Response, pp. 2-3. Because there is no pending objection and because no issues regarding the Note remain in the Adversary Proceeding, consolidation is not necessary or appropriate. Although the Trustee also contends that the Note represents a corporate debt, and thus the objection remains as to the Trustee, the Court stated in the Order on the Motion to Dismiss (page 15) that there is an issue regarding the capacity in which Ms. Diget signed the Note that needs further factual development. Consequently, if the Trustee wishes to prosecute this objection, that factual development will need to occur, possibly through motion practice but more likely through an evidentiary hearing.

[7] First Landmark Bank, which made the Bank Loans, was merged into CenterState Bank, N.A., which is now known as South State Bank, N.A., although the Respondent reserved her right to dispute this allegation. To make the Bank Loans, the Bank required the Respondent to subordinate her debt and security interest and to execute a guaranty agreement (the "Respondent's Guaranty") along with Ms. Diget who also executed a guaranty agreement. In addition, as noted by the Debtors and as reflected by the docket, CenterState Bank, N.A. commenced an adversary proceeding against Ms. Diget to determine dischargeability of debt (Adversary Proceeding No. 20-1011), that was settled and dismissed. *See Stipulation of Dismissal of Adversary Proceeding*, filed on September 24, 2020 (Adversary Docket No. 10).

Foundation Ambulance under two (2) loans made by the Bank in the approximate amount of $568,000 (the "Bank Loans"). The Debtors contend the Respondent's claim is that if she is held liable on her personal guaranty of the Bank Loans, then the Respondent "is entitled to recover contribution from [Ms. Diget] proportionate to her 66 2/3% equitable interest in Foundation Ambulance, Inc." *See* Addendum to POC No. 23. The Debtors state the Respondent has not shown that she has actually paid anything under the Respondent's Guaranty, and thus even if the Respondent has a viable contribution claim, it must be disallowed as a contingent claim under 11 U.S.C. § 502(e).

In her Response, the Respondent states that POC No. 23 relates to the repayment of damages for contribution in connection with her purported guaranty of the Bank Loans "in the event she has to pay, and for damages for being fraudulently induced" to provide the Respondent's Guaranty. Response, p. 9. The Respondent refers to the Adversary Proceeding as addressing this latter theory of recovery, which is nowhere mentioned in POC No. 23. The Respondent also contends that although POC No. 23 is currently unsettled in amount, the claim is still valid since she reserved the right to amend if and when a specific amount is paid. *See Addendum to Proof of Claim* (as attached to POC No. 23).

On review, as cited by the Debtors, Section 502(e) provides that claims for contribution which are contingent, such as POC No. 23, shall be disallowed in a case under chapter 7. This subsection states as follows:

> (e)(1) Notwithstanding subsections (a), (b), and (c) of this section and paragraph (2) of this subsection, the court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on or has secured the claim of a creditor, to the extent that—
>
> …
>
> (B) such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution….

11 U.S.C. § 502(e)(1)(B). *See also* Trustee's Response, ¶ 4 (POC No. 23 should be denied as representing contingent claim for contribution). Based on application of Section 502(e), and it appearing the Respondent's co-guaranty of the Bank Loans through the Respondent's Guaranty as set forth in POC No. 23 is a contingent claim for contribution, the Objection is sustained and POC No. 23 is disallowed.[8]

Finally, the Respondent filed Proof of Claim No. 24 ("POC No. 24") asserting a general unsecured claim in an amount of $500,000 for "Breach of Fiduciary Duty, Breach of Duty of Loyalty, Negligent Misrepresentation." The Respondent alleges that she paid $500,000 in connection with the purchase of a 33 1/3% interest in Foundation Ambulance (the "Equity Investment"). Based on this payment, the Respondent asserts a claim against Ms. Diget in this amount arising from alleged breaches by Ms. Diget of her duty of loyalty and fiduciary duty owed to the Respondent "stripping [the Respondent] of her $500,000 equitable interest in the business." *See Addendum to Proof of Claim* (as attached to POC No. 24).

Denying any allegation of breach of fiduciary duties, the Debtors further contend that any such duties as owed by Ms. Diget as president of Foundation Ambulance were owed to that corporate entity for the benefit of its shareholders and creditors. In addition, any claim Foundation Ambulance may have would be an asset of its bankruptcy estate, and the Respondent has no standing to assert such claims herein as they should instead, be asserted by the bankruptcy trustee in that case.

[8] Because the issue of the dischargeability of this obligation remains pending in the Adversary Proceeding, Ms. Diget has standing to assert this objection herein. Further, the Trustee also joined the objection through the Trustee's Response on what is essentially a legal issue regarding application of Section 502(e). Thus, although this particular obligation is disallowed as to the bankruptcy estate, it could still be found nondischargeable as to Ms. Diget in the Adversary Proceeding.

On review, and after consulting with counsel at the Status Conference, given the degree of apparent factual and legal overlap between the issues asserted in the Objection and the Response with regard to POC No. 24, and in Count III of the Adversary Proceeding, the Court concludes that the former are subsumed in part in the latter.[9] To the extent that the Respondent seeks recovery of the Equity Investment in POC 24 based on either breach of fiduciary duty or negligent misrepresentation, the Objection will be sustained. Based on the Court's prior findings regarding the timing of the earliest alleged misrepresentation by the Debtor and its review of the Equity Investment claim in Counts I and II of the Amended Complaint, the Respondent could not have relied on same or on later financial reports in making the Equity Investment in 2017. The Objection will be overruled, however, as to recovery on the breach of the duty of loyalty claim. Here, any recovery will be limited to actual damages sought in Count III of the Amended Complaint as opposed to the amount of $500,000 asserted in POC 24.

Thus, to promote judicial efficiency and reduce attendant litigation costs to the parties,[10] and there being no evident prejudice to any party herein, the Objection and Response as they relate to the breach of the duty of loyalty claim as asserted in POC No. 24 will be consolidated with Count III of the Amended Complaint as asserted in the Adversary Proceeding.

[9] POC 24 does not relate to the remaining portions of Counts I and II in that POC 24 seeks recovery of the Equity Investment, and recovery of the Equity Investment pursuant to Counts I and II is precluded by the Order on the Motion to Dismiss.

[10] The Trustee states that due to the limited amount of assets available in this case, his participation in any litigation regarding the Objection to POC No. 24 could exhaust those assets through legal fees, which he seeks to minimize for purposes of any distribution to creditors. He further represents that Foundation Ambulance has no errors and omissions insurance, and that he will pay whatever amount the Court deems appropriate on POC No. 24. *See* Trustee's Response, ¶¶ 5-6.

In view of the foregoing, it is

**ORDERED** as follows:

(1) the Debtors' Objection to **POC No. 22** is **OVERRULED as to the Debtors but without prejudice to the Trustee**;

(2) the Debtors' Objection to **POC No. 23** is **SUSTAINED** and **POC No. 23** is **DISALLOWED as to the estate**; and

(3) the Debtors' Objection to **POC No. 24** is **SUSTAINED** to the extent it seeks recovery on either breach of fiduciary duty or negligent misrepresentation as to the Equity Investment, and is **DEFERRED** to the extent it seeks recovery on the breach of duty of loyalty as to the Equity Investment and is **CONSOLIDATED** to that limited extent with Count III of the Amended Complaint as asserted in Adversary Proceeding No. 20-1042.

The Clerk's Office is directed to serve a copy of this Order upon counsel for the Debtors, counsel for the Respondent, the Chapter 7 Trustee, and the United States Trustee.

**[END OF DOCUMENT]**